UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAPPS BREWING INC., a Washington Corporation, and DANIEL McCLUNG and ANDREA McCLUNG, Individually and as a Marital Community,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SUMNER,<br><br>　　　　　　　　　Defendant. | CASE NO. C06-5006RBL<br><br>ORDER AMENDING ORDER |

　　This matter comes before the Court on its own initiative regarding the Court's Order Granting Summary Judgment. Dkt. 54.

　　The Order Granting Summary Judgment contained the following sentence in footnote 7: "Despite the allegations of the Plaintiffs (Dkt. 50-1, at 6), the City possessed the requisite statutory authority to require Plaintiffs to upgrade their pipe from twelve inches to twenty-four inches." Dkt. 54, at 10. This sentence contains a clerical error. The sentence should read as follows: "Despite the allegations of the Plaintiffs (Dkt. 50-1, at 6), the City possessed the requisite statutory authority to require Plaintiffs to upgrade their pipe from six to twelve inches." This mistake is clerical in nature and does not change the substance, result, or outcome of the Order.

　　Federal Rule of Civil Procedure 60(a) allows a district court, on its own initiative, to correct an order containing a clerical mistake. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th

ORDER
Page 1

Cir. 2002). "Clerical mistakes" are mistakes that consist of errors in execution as opposed to instances where the court has changed its mind. *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993). The rule applies to errors made by the court, clerk, or other parties. *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cr. 1968).

The rule divests the district court of jurisdiction to correct mistakes while an appeal of such judgment is pending before the appellate court, unless leave of the appellate court has been granted. *Radio Television Espanola v. New World Entertainment, Ltd.*, 183 F.3d 922, 932 (9th Cir. 1999). Here, the appeal has been docketed before the Ninth Circuit Court of Appeals, and leave has been granted.

Therefore, the Court hereby **ORDERS**:

Footnote 7 on page 10 of Order Granting Summary Judgment (Dkt. 54) is **STRICKEN** and **AMENDED** with the following language:

Despite the allegations of the Plaintiffs (Dkt. 50-1, at 6), the City possessed the requisite statutory authority to require Plaintiffs to upgrade their pipe from six to twelve inches. Sumner City Ordinance No. 1603 authorizes the adoption of the "King County Surface Water Design Manual." Dkt. 53-1, at 13, 73. This manual established twelve inches as the minimum pipe size requirement for any new development in the City of Sumner. Dkt. 52, at 2; . Dkt. 53-1, at 13; Dkt. 48-3, at 99-100. Plaintiffs' development was new development, as they proposed to tear down the existing structure and replace that structure with a commercial building. Dkt. 42-3, at 14. The City's engineer informed Plaintiffs that "as a developer" they were required to install a twelve inch storm pipe as a minimum. Dkt. 48-3, at 114. Although the City failed to mention in its letter the pertinent regulation (Dkt. 48-3, at 114), this fact alone does not strip the City of its authority to impose development regulations.

DATED this 3rd day of May, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE